IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARS A. BRENNAN, | ) | CIVIL NO. 22-00481 HG-WRP |
| | ) | CIVIL NO. 22-00482 HG-WRP |
| Plaintiff, | ) | CIVIL NO. 22-00483 HG-WRP |
| | ) | CIVIL NO. 22-00484 HG-WRP |
| vs. | ) | CIVIL NO. 22-00527 HG-WRP |
| | ) | CIVIL NO. 22-00531 HG-WRP |
| HAWAIIAN AIRLINES, INC.; | ) | CIVIL NO. 22-00532 HG-WRP |
| HAWAIIAN HOLDINGS, INC., | ) | CIVIL NO. 23-00603 HG-WRP |
| | ) | |
| Defendants. | ) | |
| | ) | ORDER AS TO LETTER BRIEFS |
| | ) | FILED ON NOVEMBER 1, 2024 IN |
| | ) | VARIOUS CASES AGAINST |
| | ) | HAWAIIAN AIRLINES, INC. |
| | ) | AND/OR HAWAIIAN HOLDINGS, |
| | ) | INC. |
| SHANAH A. BRODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC.; | ) | |
| HAWAIIAN HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | |
|---|---|
| NOAH I. M. SCHENK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN AIRLINES, INC.; | ) |
| HAWAIIAN HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |
| LEIANAH M.M. KAHAHAWAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN AIRLINES, INC.; | ) |
| HAWAIIAN HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |
| MYSTIANA VICTORINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN AIRLINES, INC., and | ) |
| DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| CRAIG KAHAUOLOPUA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN AIRLINES, INC., and DOES 1-20, | ) |
| | ) |
| Defendants. | ) |
| RIKI O'HAILPIN, NINA ARIZUMI, ROBERT ESPINOSA, ERWIN YOUNG, PUANANI BADIANG, SABRINA FRANKS, RONALD LUM, DAN SAIKI, and BRANDEE AUKAI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |
| AARON NELSON, ABIGAEL ROANN B. RANADA, ADRIANNE VAKAUTA, ALICIA OKUMURA, ALISSA PACARRO TUUMALO, ALVIN REINAUER, AMANDA LOPEZ, ANDREW DIAGO, ANDREW WOLCOTT, ANGELA IRIS REICH, ARIELLE CASSADY, ASHLYNNE QUINSAAT, AYUMI Y. SIEVERTS, BARBARA JEAN VIDINHA RICHARDS, BRENT BARGAMENTO, BRIAHNI' MARIE | ) |

| | |
|---|---|
| ATISANOE, BRIDGET TULLY, BRIDGETT ZINCHUK, BRITTANY K. REGO-RODRIGUES, BROOKS FUJIHARA, JR., BRYAN DAGUIO, CANDACE KRISTINE VIZCARRA (GUTIERREZ), CARLA ESTIAMBA, CAROL LAMSE, CHACY R. EVELAND III, CHAD MAKAIAU, CHARELLE BEDFORD, CHELSEA MIHM, CHELSEA TEHANE WILLIAMS, CHRISTINA OLIVE, CHRISTINE GOTO, CHRISTMASEDNA STARKS (TUIFAGU), CHRISTOPHER BARBOZA, CHRISTOPHER KAM, CINDY BURT, COLLEEN GOTO, CRYSTAL K.E. ALLEN, CYNDI R. MAYO-AKEO, DANIELLE OLVERA, DARIN K. MATSUNO, DAVID FISCHER, DAVID KURIHARA, DEAN SATO, DEBORAH STALCUP, DEREK ICHIYAMA, DIANE VENTIMIGLIA, DINA ANGELES, DOMINIQUE RANDAZZO, DORI YAMADA, DOROTHY TAPPYHIGA, DWAYNE TUZON, ELISA THURMAN-BEY, ELIZA KAHAWAII, ELIZABETH BACHRAN, ELIZABETH CHAPTON, ELIZABETH STOUDT, ERIK BARTON, FELISHALYN MILLER, GEOFFREY HANSON, GERALD W. SAN CLEMENTE, HEATHER LAFI, HEIDI CALA, HELEN Y. SALVANI, JACQUELINE ANN LOVIN-YAP, JAMES CABODOL, JR., JAMES EVERTS, JANICE KIM, JASON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| |
|---|
| AKINA, JEFFREY P. ARANYOS, JENA ZARRO, JENNIFER SHIMATSU, JODI YOKOYAMA, JODY GOYA, JOHN P. K. BOURGEOIS, JOHN PREGIL, JR., JON KATAHARA, JONATHAN OPIE, JOSEPH CASSADY, JOSIAH BURBAGE, JOVAN LAFONTAINE, JOY GARY, JOY SATELE, KANANI TABURA, KARLA L. DIAS WONG, KATHLEEN M. SWEET, KAWAHINEHA'AHEO KEOLANUI, KE'ALAONALEHUA R. SOUZA, KEHAUNANI MITSUKO KELIINOI REIS, KEKAIKAHE'ELANI OLIVER, KELLEE SMITH, KELLIE LUKE, KELLY YOUNG, KEOKI EDWIN K. LIFTEE-KAU, KIANNA CHUNG, KIMBERLY TUZON, KORY PUTT, KRISTA ALVAREZ, LANI PRIMACIO, LEIHAAHEO DIAS, LEILANI M. SOON, LILINOE KAHALEPAUOLE-BUSTAMANTE, LINDA V. AU, LORI SEBASTIAN, LYLE PURUGGANAN, MAILE HERNANDEZ, MAILE M. HUSSEY, MARC NISHIMURA, MARIANNE MATA, MEDA J. WASHBURN TAKETA, MEGAN SKWIERCZYNSKI, MEGUMI KEAN, MEHANA SALVANI, MERRIBETH IONA, MICHAEL ANDERSON, MICHAEL RYAN, MICHELE TANABE, MICHELLE NOLTIE, MIKIALA AKAU, MILA PALENCIA, MISTY CARVER, MITCHELLE CARINO, MONICA D. SMITH, MORIAH GOSNEY, NALEISHA LUCRISIA, NANETTE SILVA, NICOLE HENRY, NICOLE |

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

| | |
|---|---|
| WIEDEMANN, PATRICIA CASTRO, PENELOPE GEBAUER, PHILLIP ROTHER, PONO ROBACK, PULELEHUA KNIGHT, RAELYNN BROAD-KELA, RANETTE BAUTISTA, RONIN BURKE, SARAH PARKER, SATCHADANANDA SLADE, SCOTT FONG, JR., SEAN RODRIGUES, SETEMA SAGAPOLUTELE, SHANA M. STALCUP, SHANNON JACKSON, SIONA TEJADA, STEPHEN DANGERFIELD, TATIANA JOHNSON, TAUARII NAHALEAMARAMA, TERRI MEDEIROS, TERRY YAMADA GILLEN, THECLA TAYLOR, THEODORA AUWAE, TORI DAGUIO, TRACI MILLER-TRUONG, TRACIE RYAN, TRACY BEAN, TRACY SNOOPS, TRAVIS SMITH, URSULA BARTON, UTUMOE PADILLA, WAINANI YOUNG, WILLIAM K. YOKOYAMA, WINNIE MENDIOLA, and ZARINA KAMA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC., | ) ) ) |
| Defendants. | ) ) ) |

ORDER AS TO LETTER BRIEFS FILED ON NOVEMBER 1, 2024
IN VARIOUS CASES AGAINST HAWAIIAN AIRLINES, INC.
<u>AND/OR HAWAIIAN HOLDINGS, INC.</u>

The Hawaiian COVID-19 Vaccine Cases[1] consist of eight separate actions that are not consolidated but are associated in that, in each case, Plaintiffs assert Title VII religious discrimination and/or ADA claims based on Defendants' denials of accommodation requests for the same policy, i.e., Defendants' COVID-19 vaccination policy.

---

[1] The Hawaiian COVID-19 Vaccine Cases include the following eight cases:

- <u>Brennan vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00481-HG-WRP (Brennan Case);
- <u>Brody vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00482 HG-WRP (Brody Case);
- <u>Schenk vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00483 HG-WRP (Schenk Case);
- <u>Kahahawai vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00484 HG-WRP (Kahahawai Case);
- <u>Victorino vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00527 HG-WRP (Victorino Case);
- <u>Kahauolopua vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00531 HG-WRP (Kahauolopua Case);
- <u>O'Hailpin, et al. vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 22-00532 HG-WRP (O'Hailpin Case); and
- <u>Nelson, et al. vs. Hawaiian Airlines, Inc., et al.</u>; Civil No. 23-00603 HG-WRP (Nelson Case).

Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. are named as Defendants in each of these cases except for the Kahauolopua Case (Civil No. 1:22-cv-00531-HG-WRP) and the Victorino Case (Civil No. 1:22-cv-00527-HG-WRP) where only Defendant Hawaiian Airlines, Inc. is named.

1

On February 23, 2024, the Court ordered the parties in the Hawaiian COVID-19 Vaccine Cases to work together to coordinate the depositions of Defendants' witnesses who might otherwise be deposed multiple times regarding the same or similar subject matter.  See Minute Order dated 2/23/2024.[2]  Following multiple status reports from the parties, the Court granted the parties' request to submit letter briefs on issues related to the coordinated depositions.  See Minute Order dated 4/26/2024.[3]  On June 6, 2024, the Court issued its Order regarding the disputed issues about the number of hours that Defendants' witnesses may be deposed in these cases.  See Order as to Letter Briefs Filed in Various Cases Against Hawaiian Airlines, Inc. and/or Hawaiian Holding, Inc., dated 6/6/2024.[4]

On October 21, 2024, the Court received a letter from Defendants' counsel noting that the parties had agreed on many issued related to the

---

[2] See ECF No. 45 in the Brennan Case, ECF No. 46 in the Brody Case, ECF No. 44 in the Schenk Case, ECF No. 48 in the Kahahawai Case, ECF No. 41 in the Victorino Case, ECF No. 34 in the Kahauolopua Case, ECF No. 112 in the O'Hailpin Case.

[3] See ECF No. 69 in the Brennan Case, ECF No. 62 in the Brody Case, ECF No. 59 in the Schenk Case, ECF No. 63 in the Kahahawai Case, ECF No. 53 in the Victorino Case, ECF No. 51 in the Kahauolopua Case, ECF No. 125 in the O'Hailpin Case, and ECF No. 31 in the Nelson Case.

[4] See ECF No. 77 in the Brennan Case, ECF No. 70 in the Brody Case, ECF No. 69 in the Schenk Case, ECF No. 71 in the Kahahawai Case, ECF No. 57 in the Victorino Case, ECF No. 57 in the Kahauolopua Case, ECF No. 137 in the O'Hailpin Case, and ECF No. 38 in the Nelson Case

coordinated depositions but were unable to reach an agreement regarding several Rule 30(b)(6) deposition topics. See Letter from Defendants' Counsel.[5] The Court granted the parties' request to submit letter briefs requesting expedited discovery assistance under Local Rule 37.1(c) on the remaining disputed issues. See Minute Order dated 10/21/2024.[6] The parties filed their letter briefs on November 1, 2024. See Plaintiffs' Letter Brief;[7] Defendants' Letter Brief.[8]

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]artiest may

---

[5] See ECF No. 85 in the Brennan Case, ECF No. 76 in the Brody Case, ECF No. 74 in the Schenk Case, ECF No. 76 in the Kahahawai Case, ECF No. 82 in the Victorino Case, ECF No. 62 in the Kahauolopua Case, ECF No. 145 in the O'Hailpin Case, and ECF No. 50 in the Nelson Case.

[6] See ECF No. 86 in the Brennan Case, ECF No. 77 in the Brody Case, ECF No. 75 in the Schenk Case, ECF No. 77 in the Kahahawai Case, ECF No. 83 in the Victorino Case, ECF No. 63 in the Kahauolopua Case, ECF No. 146 in the O'Hailpin Case, and ECF No. 51 in the Nelson Case.

[7] The references to Plaintiffs' Letter Brief in this Order refers to ECF No. 86 in the Victorino Case, ECF No. 65 in the Kahauolopua Case, ECF No. 147 in the O'Hailpin Case, and ECF No. 53 in the Nelson Case. Plaintiffs in the Brennan Case, the Brody Case, the Schenk Case, and the Kahahawai Case did not file Letter Briefs.

[8] The references to Defendants' Letter Brief in this Order refers to ECF No. 87 in the Brennan Case, ECF No. 77 in the Brody Case, ECF No. 76 in the Schenk Case, ECF No. 78 in the Kahahawai Case, ECF No. 85 in the Victorino Case, ECF No. 64 in the Kahauolopua Case, ECF No. 148 in the O'Hailpin Case, and ECF No. 54 in the Nelson Case.

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  In determining whether the discovery is "proportional to the needs of the case," the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.

       A court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure."  Fed. R. Civ. P. 26(c).  To establish "good cause," a party seeking a protective order to limit discovery must "present a factual showing of a particular and specific need for the protective order."  Welsh v. City and Cnty. of S.F., 887 F. Supp. 1293, 1297 (N.D. Cal. 1995).  "Under the liberal discovery principles of the Federal Rules," a party seeking a protective order "carr[ies] a heavy burden of showing why discovery [should be] denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

       Under Rule 30(b)(6), the proponent "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  "Reasonable

4

particularity" is required because service of a deposition notice shifts the burden to the deponent to designate a representative to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

In the present dispute, the parties disagree regarding whether Defendants must designate a witness under Rule 30(b)(6) to testify on fourteen disputed topics, which are grouped by the parties into the following three categories: (1) Defendants' COVID-19 Tracking Protocols; (2) Serious Adverse Events; (3) Termination/Recruitment Process and Costs. See Pls.' Ltr. Brief at 1; Defs.' Ltr. Brief at 1. Defendants request a protective order to prevent Plaintiffs from noticing Rule 30(b)(6) depositions on these topics. The Court addresses each disputed category of topics below.

**1. Defendants' COVID-19 Tracking Protocols (Combined Topics 48-50)**

The first disputed category includes the following combined topic: Defendants' tracking as to COVID-positive rates and vaccination rates during the following periods: 1/1/2021-8/9/2021 (when the COVID-19 vaccine policy was announced); 8/9/2021-1/4/2022 (the deadline for Hawaiian employees to get vaccinated); and 1/4/2022-8/1/2022. See Ex. F to Defs.' Ltr. Br.; Ex. 1 to Pls.'s Ltr Br.

The parties disagree regarding whether this topic is relevant to

Defendants' undue burden defense and Plaintiffs' prima facie case of disparate treatment. See Defs.' Ltr. Br. at 3-4; Pls.' Ltr. Br. at 2-4. Even assuming relevance, the Court finds that the burden on Defendants to designate a witness to testify on this topic under Rule 30(b)(6) outweighs the relevance of this topic. In determining whether a Rule 30(b)(6) topic is unduly burdensome or disproportionate to the needs of the case, the Court should consider "the scope of information sought by the topics, the complexity of the case, the amount of time allotted for the Rule 30(b)(6) deposition, the nature of the subject matter addressed in the topics (e.g., whether preparation may require expert or attorney input), and whether the information can be obtained more efficiently through other means." Alvarado-Herrera v. Acuity, 344 F.R.D. 103, 108 (D. Nev. 2023), *aff'd* 2023 WL 5035323 (D. Nev. Aug. 4, 2023) (citations omitted). Critically, as noted in Defendants' Letter Brief, Defendants did not track on a company-wide level COVID-19 infection and vaccine status. See Defs.' Ltr. Br. at 5. As argued in Defendants' Letter Brief, this topic would require Defendants to assemble "numerous data sets from various operational groups" and to "synthesize them into an epidemiologically valid data set." Id. The Court finds that this burden outweighs the relevance of the requested information for purposes of designating a witness to testify pursuant to Rule 30(b)(6). Further, the Court finds that the information sought by Plaintiffs can be more efficiently obtained through other

6

discovery, including interrogatories or documents requests that seek the information regarding Defendants' tracking of COVID-positive rates and vaccination rates during the various periods at issue. Accordingly, the Court GRANTS Defendants' request for a protective order to prevent Plaintiffs from noticing a Rule 30(b)(6) deposition on this topic.

### 2. Serious Adverse Events (Topics 54-61)[9]

The second disputed category includes the following topics:

54. The process for tracking and/or reporting Serious Adverse Events from COVID-19 vaccinations.

55. The number of Serious Adverse Events for the Period and before the Mandate was imposed.

56. The number of Serious Adverse Events after the Mandate was imposed.

57. The number of workmen's compensation claims arising from Serious Adverse Events for the Period

---

[9] Plaintiffs define Serious Adverse Event as referring to one or more of the following events after an individual is vaccinated with a Pfizer-BioNTech, Moderna, Janssen, or Novavax COVID-19 vaccine: a. Death; b. A life-threatening event; c. Inpatient hospitalization or prolongation of existing hospitalization; d. A persistent or significant incapacity or substantial disruption of the ability to conduct normal life functions; e. A congenital anomaly/birth defect; f. An important medical event that based on appropriate medical judgement may jeopardize the individual and may require medical or surgical intervention to prevent one of the outcomes listed above; g. Cases of myocarditis after a Pfizer-BioNTech, Moderna, Novavax, or Janssen COVID-19 vaccine; h. Cases of pericarditis after a Pfizer-BioNTech, Moderna, Novavax, or Janssen COVID-19 vaccine; i. Cases of Multisystem Inflammatory Syndrome in children and adults; or j. Cases of COVID-19 that result in hospitalization or death. See Ex. F to Defs.' Ltr. Br.

>before the Mandate was imposed.
>
>58. The number of workmen's compensation claims arising from Serious Adverse Events after the Mandate was imposed.
>
>59. The number of disability claims arising from Serious Adverse Events for the Period before the Mandate was imposed.
>
>60. The number of disability claims arising from Serious Adverse Events after the Mandate was imposed.
>
>61. Any instances known to Hawaiian in which an employee who received the COVID-19 vaccine reported to Hawaiian an injury, illness, or condition that that employee believed to have been caused by the COVID-19 vaccine.

See Ex. F to Defs.' Ltr. Br.; Ex. 1 to Pls.'s Ltr Br.

As with the topic discussed above, the parties disagree regarding whether this category of topics is relevant to Defendants' undue burden defense and Plaintiffs' prima facie case of disparate treatment. See Defs.' Ltr. Br. at 3-4; Pls.' Ltr. Br. at 2-4. Even assuming relevance, the Court finds that the burden on Defendants outweighs the relevance of these topics for purposes of designating a witness to testify pursuant to Rule 30(b)(6). Similar to the topic discussed above, Defendants "did not systematically track all suspected or claimed 'adverse events' experienced by its employees following COVID-19 vaccination." See Defs.' Ltr. Br. at 5. Further, the scope of information sought by these topics is exceedingly broad given Plaintiffs' expansive definition of "Serious Adverse Effects." See Ex.

8

F to Defs.' Ltr. Br.  Additionally, these topics necessarily include a causation determination, i.e., that any "Serious Adverse Effect" was caused by the COVID-19 vaccination, which is a matter that likely requires expert input.  Finally, the Court finds that Plaintiffs can more efficiently obtain most of the requested information through other means including interrogatories and document requests.  Accordingly, the Court GRANTS Defendants' request for a protective order to prevent Plaintiffs from noticing a Rule 30(b)(6) deposition on these topics.

### 3. Termination/Recruitment Process and Costs (Topics 75-76, 92-94)

The third disputed category includes the following topics:

75. The number of employees whose positions were terminated after they were denied an accommodation from the Mandate's COVID-19 vaccine requirement and who declined the Leave of Absence, as well as their respective role and involvement.

76. The cost to terminate (and replace, if applicable) the position of any employee terminated as a result of non-compliance with the Vaccine Mandates.

92. The number of new employees hired to replace the employees on Leave of Absence and/or terminated from their employment because they were denied an accommodation from the Mandate's COVID-19 vaccine requirement.

93. The positions and/or job titles of these new employees.

94. The cost to recruit, hire, and train these new

employees.

See Ex. F to Defs.' Ltr. Br.; Ex. 1 to Pls.'s Ltr Br.

Defendants argue that these topics, which seek information about terminated employees who are not named in this litigation, are not relevant because class certification was denied. See Defs.' Ltr. Br. at 5. Further, Defendants argue that the requested information is not relevant to the issue of undue hardship because this information does not request information related to Defendants' asserted undue hardship for accommodating Plaintiffs, but rather seeks alternative cost information related to Defendants' decision to terminate certain employees. See id. Plaintiffs contend that these topics are relevant because they are entitled to examine all factors of each individual case. See Pls.' Ltr. Br. at 5. The Court agrees with Plaintiffs that they are entitled to inquire into the individual circumstances and rationale for each decision to deny accommodation and exemption for each Plaintiff. See Pls.' Ltr. Br. at 5. However, these topics do not request information as to each Plaintiff and instead seek information for "any employee" who may have been denied accommodations and terminated. The Court finds that these topics do not appear to be relevant to the claims in these cases because they ask for information related to "any employee terminated as a result of non-compliance with" Defendants' COVID-19 policies. See Ex. F to Defs.' Ltr. Br.; Ex. 1 to Pls.'s Ltr Br. Further, the Court finds that these topics are

10

not related to Defendants' asserted undue hardship defense because they do not seek information related to alternative accommodation options, but rather information related to the business cost of terminating employees.  Plaintiffs do not point to any authority that such information is relevant to the undue hardship analysis.  Because these topics seek information that does not appear to be relevant to the claims and defenses in these cases, the Court GRANTS Defendants' request for a protective order to prevent Plaintiffs from noticing a Rule 30(b)(6) deposition on these topics.

    IT IS SO ORDERED.

    DATED: HONOLULU, HAWAII, NOVEMBER 5, 2024.



Wes Reber Porter
United States Magistrate Judge

**BRENNAN VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 22-00481-HG-WRP; BRODY VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 22-00482 HG-WRP; SCHENK VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 22-00483 HG-WRP; KAHAHAWAI VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 22-00484 HG-WRP; VICTORINO VS. HAWAIIAN AIRLINES, INC.; CIVIL NO. 22-00527 HG-WRP; KAHAUOLOPUA VS. HAWAIIAN AIRLINES, INC.; CIVIL NO. 22-00531 HG-WRP; O'HAILPIN, ET AL. VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 22-00532 HG-WRP; NELSON, ET AL. VS. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 23-00603 HG-WRP; ORDER AS TO LETTER BRIEFS FILED ON NOVEMBER 1, 2024 IN VARIOUS CASES AGAINST HAWAIIAN AIRLINES, INC. AND/OR HAWAIIAN HOLDINGS, INC.**